# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETERS FLORESTAL, and  ADELINE PETIT<br>        *Plaintiffs*,<br><br>        v.<br><br>PAUL R. HENRY, and STEPHANIE CLARKE<br>        *Defendant(s)*. | No. 3:22-cv-00237 (VAB) |

## RULING AND ORDER ON MOTION TO DISMISS OR TRANSFER

Peters Florestal ("Mr. Florestal") and Adeline Petit ("Ms. Petit"), (collectively "Plaintiffs"), have sued Paul R. Henry ("Mr. Henry") and Stephanie Clarke ("Ms. Clarke"), (collectively "Defendants"), asserting personal injuries claims resulting from a motor vehicle accident.

Plaintiffs allege that Mr. Henry was negligent and careless when operating his vehicle on March 13, 2021, in Hempstead, New York, when Mr. Henry's vehicle collided with Plaintiffs' vehicle resulting in Plaintiffs' injuries. Compl. at 2, 4, 6, 8, ECF No. 1 (Feb. 9, 2022) ("Compl."). Plaintiffs bring their suit on the basis of diversity jurisdiction, alleging that Defendants are residents of New York while Plaintiffs are residents of Connecticut. *Id.* at 1.

Defendants have filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, to transfer Plaintiffs' case to the appropriate federal district court in New York. Mot. to Dismiss, ECF No. 8 (Mar. 10, 2022) ("Mot. to Dismiss"). Plaintiffs filed an opposition to the motion to dismiss. Objection to Motion to Dismiss, ECF No. 11 (Mar. 30, 2022) ("Opp'n Motion").

For the following reasons, the motion to dismiss is **GRANTED.**

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On March 13, 2021, Plaintiffs were allegedly driving in Hempstead, New York in a car operated by Mr. Florestal. *See* Compl. at 2, 6. Defendants were allegedly driving in a car behind Plaintiffs, going in the same direction. *Id*. at 2. Defendants' car was allegedly operated by Mr. Henry. *Id*. at 2, 6.

Mr. Henry allegedly failed to drive at a reasonable distance behind Plaintiffs' car, causing him to collide with Plaintiffs' car at the intersection of Elmont Road and Village Avenue in Hempstead, New York. *Id*. at 2, 6. As a result of the collision, Plaintiffs allegedly sustained several injuries including injuries on their necks, backs, shoulders and legs. *Id*. at 3–4, 7–8. Plaintiffs also allegedly suffered post-traumatic headaches, *id*. at 3, 7, and impairments in their ability to "carry on . . . life[] activities . . . [that they] enjoyed before the collision[,]" *id*. at 4, 8.

Plaintiffs allegedly have expended large sums of money for medical treatment and medicine in connection with the motor vehicle accident. *Id*. at 4, 8. Plaintiffs allegedly anticipate expending further sums of money for treatment. *Id*.

At all relevant times, Plaintiffs allegedly resided in New Haven, Connecticut, and Defendants resided in Nassau County, New York. *Id*. at 1, 5. Mr. Florestal is seeking $100,000 in damages, *id*. at 1, and Ms. Petit is seeking $150,000 in damages, *id*. at 5.

### B.  Procedural History

On February 9, 2022, Plaintiffs filed a lawsuit against Defendants, on the basis of diversity jurisdiction, alleging personal injuries as a result of a motor vehicle accident. *See id.*

On March 10, 2022, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) on the ground of forum non conveniens, or in the alternative, Defendants

request that the Court transfer the case to the appropriate federal jurisdiction in the state of New York. *See* Mot. to Dismiss at 1.

On March 30, 2022, Plaintiffs filed an opposition to the Motion to Dismiss. *See* Opp'n Motion.

## II.      STANDARD OF REVIEW

"In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, [t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." *Quinn v. Fishkin*, No. 3:14-cv-1092 (AWT), 2015 WL 4635770, at *3 (D. Conn. Aug. 4, 2015) (internal quotation marks and citation omitted). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff, who has the burden of showing that venue in the forum is proper." *Id*. (internal quotation marks and citation omitted).

"If the venue is not proper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id*. (quoting 28 U.S.C. § 1406(a)). "[I]mproper venue is a waivable issue, and any objection to venue is considered waived where not asserted in a defendant's responsive pleading, including a pre-answer motion to dismiss." *Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-CV-781 (SRU), 2022 WL 972415, at *7 (D. Conn. Mar. 31, 2022) (citing Fed. R. Civ. P. 12(h)(1); 28 U.S.C. § 1406(b)).

### III.    DISCUSSION

Defendants have asked this Court to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(3) for improper venue[1], or in the alternative, to transfer this case to the appropriate federal district in New York.

The Court will address each request in turn.

### A.  Improper Venue

28 U.S.C. § 1391 governs venue for all civil actions filed in federal courts. Under Subsection (b) of that statute, a civil action may be brought in the judicial district in which (1) any defendant resides; (2) a substantial part of the events giving rise to the action occurred; or, (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).  "[V]enue is proper so long as the requirements of § 1391(b) are met[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 57 (2013); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 434 (2d Cir. 2005) ("[V]enue may be based on . . . subsection [3] only if venue cannot be established in another district pursuant to any other venue provision.") (citations omitted); *Rose v. Myers*, No. 3:13-cv-419 (MPS), 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (finding venue under § 1391(b)(3) improper where the plaintiff did "not contend that there is no district in which [the] action may otherwise be brought").

Defendants argue that Plaintiffs cannot satisfy the venue requirement under § 1391(b) because Mr. Henry and Ms. Clarke are residents of New York, and the events giving rise to the

---

[1] Although Defendants correctly identify the pertinent Federal Rule of Civil Procedure applicable to their motion to dismiss for improper venue—Federal Rules of Civil Procedure 12(b)(3)—they do not cite to 28 U.S.C. § 1391(b). *See* Mot. to Dismiss at 1 ("Defendants . . . move this Court per Federal Rule 12(b)(3) to dismiss the . . . complaint on the grounds of forum non conveniens[.]" (citing 28 U.S.C. § 1404(a))). As a result of this error, Defendants' motion, and Plaintiffs' response, almost exclusively address 28 U.S.C § 1404(a), rather than 28 U.S.C. § 1391(b). Nevertheless, Defendants do refer to 28 U.S.C. § 1391(b), the applicable statute. *See* Mot. to Dismiss at 9–10.

lawsuit—the motor vehicle accident— "occurred at the intersection of Elmont Road and Village Ave[nue] in Hempstead, New York." *See* Mot. to Dismiss at 4. "[I]t is clear[,]" Defendants argue, that a "federal court in New York is jurisdictionally proper, not a court in Connecticut." *Id*. at 10. According to Defendants, "there is no compelling basis to proceed in a Connecticut forum." *Id*. at 6. Defendants therefore ask this Court to dismiss the Complaint or transfer the case to "the appropriate federal jurisdiction in the State of New York." *Id*. at 1.

Plaintiffs respond that although Defendants are residents of New York and the motor vehicle accident occurred in New York, the District of Connecticut is more convenient for them and their witnesses. *See* Opp'n Motion at 4 ("The District of Connecticut is the most convenient judicial district . . . This will facilitate the objective of optimum convenience for parties or litigants and witnesses[.]"). Plaintiffs acknowledge that "the instant suit can be brought in an alternative forum that possesses jurisdiction such as state or federal court system in New York[.]" Opp'n Motion at 3. In effect, Plaintiffs only argument in response to Defendants' motion to dismiss for improper venue is that the District of Connecticut is a more convenient forum for Plaintiff to litigate their case. Notwithstanding Plaintiffs' failure to meet the statutory requirement for venue under § 1391(b), they argue that their "choice of forum should not be disturbed." *Id*. at 5.

The Court disagrees.

Plaintiffs' convenience does not override the statutory mandate of § 1391(b). "Where a defendant moves to dismiss a complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3)," as Defendants here did, "the plaintiff bears the burden of showing that venue in the district is proper[.]" *Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 335 (E.D.N.Y. 2018) (citation omitted); *see also Anonymous v. Kaye*, 104 F.3d 355 (2d

Cir. 1996) ("On a motion to dismiss for improper venue, the plaintiff has the burden of establishing that it has chosen the proper venue.") (citation omitted). The threshold inquiry therefore is whether Plaintiffs have chosen the "proper" venue and not whether Plaintiffs' chosen venue is "convenient" for them. *See Atl. Marine*, 571 U.S. at 50 (noting that "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements" of § 1391(b)).

To determine whether a case is filed in the proper venue, courts look to "whether the case falls within one of the three categories set out in § 1391(b)." *Id*. at 56. "If it does," meaning subsection 1, 2 or 3 of § 1391(b) is applicable, then "venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

Here, it is undisputed that this case does not fall under any of the "three categories set out in § 1391(b)." *Id*.

First, Plaintiffs concede that Defendants are residents of New York, thus making §1391(b)(1) inapplicable. *See* Compl. at 1 ("[T]he defendants are residents of the state of New York[.]"). Second, the entirety of the events giving rise to Plaintiffs' claims—the motor vehicle accident—occurred in New York, likewise making § 1391(b)(2) inapplicable. *See* Opp'n Motion at 1 ("[T]he subject of the action involves a motor vehicle accident that occurred . . . Hempstead, New York."). Third, Plaintiffs acknowledge that "the instant suit can be brought in an alternative forum that possesses jurisdiction such as state or federal court system in New York[,]" Opp'n Motion at 3, thus making § 1391(b)(3) also inapplicable. *See Daniel*, 428 F.3d at 434 ("[V]enue may be based on . . . subsection [3] only if venue cannot be established in another district pursuant to any other venue provision.").

Because Plaintiffs do not dispute that they have filed their case in the "wrong" venue, the

Court must "dismiss, or if it be in the interest of justice, transfer [the] case to [a] district or division in which it could have been brought." 28 U.S.C. § 1406(a).[2]

### B.  Transfer Under 28 U.S.C. § 1406(a)

Under 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under § 1406(a), "[w]hether dismissal or transfer is appropriate lies within the discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). "[T]ransfer should not be granted[,]" however, where doing so "'would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.'" *Bunn v. Gleason*, 462 F. Supp. 2d 317, 320 (D. Conn. 2006) (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).

The purpose of 28 U.S.C § 1406 is "to avoid 'the injustice which ha[s] often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" *Spar*, 956 F.2d at 394 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). "Generally, in cases in which a § 1406 transfer has been permitted . . . the transfer has enabled the parties to surmount an obstacle, such as lack of jurisdiction, which would have precluded suit

---

[2] Plaintiffs opposition memorandum focused entirely on the doctrine of forum non conveniens and the deference that a plaintiff is due when selecting a forum for litigation under that doctrine. *See* Opp'n Motion at 2–5. It is true that "a plaintiff's choice of forum is entitled to substantial deference." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). Such deference, however, "presupposes that venue is proper in the transferor district." *Daros v. Tokoyo*, No. 05CV775DLIVVP, 2005 WL 1229734, at *2 (E.D.N.Y. May 23, 2005) (citing David D. Siegel, *Commentary on 1996 Amendment of Section 1404*); *see also* 17 Moore's Federal Practice § 111.02[1][b] (Matthew Bender 3d ed.) ("In order for § 1404(a) to be applicable the initial venue made by the plaintiff must be a proper one under the general venue statute § 1391. . . . If the chosen venue is improper, the action . . . is governed by § 1406(a)"). Here Plaintiffs have selected the "wrong" venue, therefore § 1406(a), the improper venue statute—not §1404(a) the convenience transfer statute—applies. Accordingly, Plaintiffs' argument that their "choice of forum should not be disturbed," Opp'n Motion at 5, is unavailing.

in the transferor district." *Spar, Inc.*, 956 F.2d at 394. Section 1406(a) is not meant, however, to "reward plaintiffs for their lack of diligence in choosing a proper forum[.]" *Id*. at 394.

The Second Circuit has counseled that it is not "in the interest of justice" for a district court "'to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.'" *Spar, Inc.*, 956 F.2d at 394 (quoting *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967)). Indeed, where a plaintiff failed to exercise diligence, courts have found dismissal, rather than transfer, is appropriate under § 1406(a) even where dismissal would prevent any adjudication of a suit on the merits. *See, e.g., In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000,* 224 F.R.D. 543, 548 (S.D.N.Y.2004) ("Although the transfer statutes are meant to serve plaintiffs who make erroneous guesses with regard to proper venue . . . they do not extend to protect plaintiffs whose own failure to pursue their claims diligently has resulted in a procedural bar.") (citation and quotation marks omitted); *Spar, Inc.*, 956 F.2d at 394 (rejecting plaintiffs attempt "to avoid a statute of limitations defect through a transfer of venue[]"); *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 381 (2d Cir. 1987) ("It is not in the interest of justice to transfer a case to [another judicial district] upon appellant's tardy discovery that her complaint is time-barred.") (internal quotation marks omitted).

Dismissal is all the more appropriate where a "plaintiff knowingly chooses the wrong forum[.]" *Feldman v. L & M Mowing. Inc.*, No. 98 CV 4246SJ, 1999 WL 284983, at *3 (E.D.N.Y. May 3, 1999) (citing *Spar, Inc.*, 956 F.2d at 394); *see also Daros v. Tokoyo*, No. 05CV775DLIVVP, 2005 WL 1229734, at *3 (E.D.N.Y. May 23, 2005) (finding that "[i]t simply is not in the interest of justice for a court to indulge a plaintiff" who failed to exercise proper diligence when he filed a case "in a district where venue does not lie[]"); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (finding that dismissal due to plaintiff counsel's "obvious" and

"elementary" mistake of "filing her suit in the wrong district" was warranted notwithstanding the fact that dismissal in that action meant plaintiff "is forever barred from bringing a suit [which may have] great merit[]").

Here, Plaintiffs' actions, at best, demonstrate a lack of diligence. First, the Complaint does not include a statement regarding a basis for venue. Second, none of the allegations in Plaintiffs' Complaint suggest a colorable argument for venue in this District.[3]

Therefore, the fact that the District of Connecticut is the wrong venue for Plaintiffs' claims is not "some elusive fact . . . which responsible plaintiffs would not necessarily have known." *Spar*, 956 F.2d at 394. As a result, it is not in the interest of justice to transfer Plaintiffs' case.

Accordingly, the Court will dismiss Plaintiffs' Complaint, without prejudice to refiling it in the appropriate venue in New York.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of November, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[3] Notably, although not at all dispositive, counsel for Plaintiffs also served as counsel of record for a plaintiff in a previous case in which a court in this District found venue to be improper. *See Rouleau v. Olivia*, 16-CV-93 VLB (D. Conn. 2016). There, the plaintiff, a Connecticut resident, sued the defendant, a Massachusetts resident, for damages in connection with a motor vehicle accident that occurred in Massachusetts. *See id*. Counsel for Plaintiffs essentially makes the same argument here that Judge Bryant rejected in *Rouleau*: namely that the District of Connecticut is more convenient for Plaintiffs and their witness. *See* Opp'n Motion at 4.